UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES E.R. MCDONALD | : | CIVIL ACTION NO.  3:02CV2137 (MRK) |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| PHILIP E. AUSTIN, ROSS D. MACKINNON | : | NOVEMBER 12, 2004 |
| WILLIAM C. STWALLEY | : | |
| | : | |
| Defendants | : | |

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S OBJECTION TO MOTION TO AMEND
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>

On November 5, 2004, the defendants filed a Motion for Leave to File Amended

Answer and Affirmative Defenses, with an attached proposed Amended Answer and

Affirmative Defenses.  The amendment sought to add seven affirmative defenses to the

one affirmative defense originally filed by the defendants on December 30, 2002, in

advance of filing a motion for summary judgment.  On or about November 6, 2004, the

plaintiff filed an Objection to Motion to Amend Answer and Special Defenses (the

"Objection"), which argued that the defendants failed to demonstrate good cause to

seek to add the additional special defenses at this time, and that the plaintiff would be

prejudiced by the amendment because "they would entirely change the nature of this

litigation and will do so after the plaintiff has committed energy and resources to the

litigation on the understanding that it would be tried on the theories advanced in the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

06314.0005
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pleadings." (Objection at p. 2)  As will be demonstrated below, the defendants have a reasonable explanation for their delay in seeking the amendment, and more importantly, the plaintiff has not and cannot show any prejudice whatsoever by the allowance of the proposed amendment.  Furthermore, allowing the proposed amendment will assist the court to secure a more just, speedy, and inexpensive determination of this matter and make a proper decision on the merits.

I.     BACKGROUND

The plaintiff is a former graduate student in physics at the University of Connecticut (the "University").  At all times relevant hereto, Professor Moshe Gai was the plaintiff's faculty advisor in the Physics Department at the College of Arts and Sciences at the University.  The Head of the Physics Department was at all times relative hereto the defendant Professor William C. Stwalley.  Beginning in the late 1990s, Professor Gai became embroiled in a series of disputes with various colleagues, Physics Department staff and students, and a number of charges of serious misconduct were brought against Professor Gai by parties within this community.  These circum-stances led to the University initiating disciplinary action against Professor Gai, and ultimately in 2001, the Dean of the College of Arts and Sciences, defendant Ross D. MacKinnon, recommended that Professor Gai be terminated.  As a result of the disciplinary proceedings brought by the University against Professor Gai, Professor Gai was placed on administrative leave from the University by Dean MacKinnon.  Pursuant to the terms of the leave, Professor Gai was prohibited from the University's main

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

campus in Storrs, Connecticut. (Affidavit of Robert M. Barrack, Esq. ["Barrack Aff."] at ¶ 3, attached hereto as Exh. A)

Professor Gai, who was ultimately represented by Attorney John Williams in connection with the disciplinary proceedings and other matters, initiated at least nine administrative and judicial actions against the University and/or Professor Stwalley, Dean MacKinnon, President Philip E. Austin, and other professors who had made complaints against Professor Gai.[1]  Upon information and belief, all of these actions

---

1/  On May 21, 2001, Gai filed a complaint with the Connecticut Commission on Human Rights and Opportunities claiming that he was being discriminated against on the basis of his national origin and whistleblower activities.  This complaint was dismissed as being without merit. (CHRO No. 0140413). On January 7, 2002, Gai filed an action with the District Court, District of Connecticut, alleging violations of his constitutional rights resulting from the University's disciplinary processes against him.  (Gai v. Philip E. Austin, John D. Peterson, and Ross MacKinnon, No. 3:02CV00025(AVC))  On February 6, 2002, Gai filed a complaint against the University directly before OSHA, alleging violations of 42 U.S.C. § 5851, the so-called "Nuclear Whistleblower" provision of Energy Reorganization Act, 42 U.S.C. § 5801, et seq (Case No. 1-0280-02-011). This action was dismissed as being without merit, and Gai appealed.  On July 31, 2002, Gai filed a complaint with the Nuclear Regulatory Commission, also claiming that he was discriminated against by the University as a "whistleblower."  This case was dismissed as being without merit.  (Case No. 1-2002-005).  On December 26, 2002, Gai commenced a civil action in state court entitled Moshe Gai v. William Stwalley, et al, which appears to allege defamation against three University professors who complained about Gai's inappropriate behavior and informed the University of his behavior.  Gai also filed numerous complaints with various state agencies alleging improper use of grant funds and other alleged violations by the University.  On February 14, 2003, Gai filed in state court a breach of contract action, entitled Gai v. Philip E. Austin, et al, against the same University officials named in his first federal action, alleging breaches of a collective bargaining agreement and a mediation agreement.  That action was dismissed for lack of subject matter jurisdiction on or about July 25, 2003, and Gai appealed.  Two additional University professors were served with another state court lawsuit: Gai v. William Stwalley and Gary Bent, dated April 4, 2003.  Additionally, Gai filed another state court action against the University, Gai v. University of Connecticut, on April 11, 2003 alleging breach of contract by the University in connection with a Department of Energy grant.  After the University filed a Motion to Dismiss, Gai withdrew that action on July 23, 2003.  Then on August 13, 003, Gai filed another action in this Court against Dean MacKinnon, entitled Gai v. MacKinnon, No. 3:03CV01256 (RNC), alleging constitutional violations because he was prohibited from

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

were part of a concerted effort by Professor Gai to pressure the University into settling

with him and ending the termination proceedings against him.  As a part of this effort,

two of Professor Gai's (now former) graduate students, James E.R. McDonald and

Joseph A. Dooley, also filed actions against the same University officials who were

named in the Gai matters, essentially claiming that they were being discriminated

against because of their affiliation with Professor Gai, and that their academic careers

were harmed because of the disciplinary proceedings and resulting administrative leave

imposed against Professor Gai.[2]  Attorney John Williams filed both actions on behalf of

McDonald and Dooley.  (Barrack Aff. at ¶ 4)

      From at least the beginning of 2002, the University and Professor Gai, through

counsel, attempted to settle their disputes, which included a protracted mediation effort

during 2002.  These efforts became more complex and difficult as additional actions

were filed by Professor Gai.  Nevertheless, it was recognized by the parties and counsel

that any settlement of the McDonald and Dooley cases could only reasonably be

negotiated if a global settlement of the Gai matters were achieved.  At least in the view

of the University, the McDonald and Dooley matters were peripheral to the primary

disputes with Professor Gai.  With regard to the McDonald matter, the defendants were

initially represented solely by Assistant Attorney General ("AAG") Paul McCarthy, who

---

utilizing certain grant funds during his academic leave.  All pending matters were voluntarily
dismissed or withdrawn following a global settlement between the parties in the spring of
2004.

2/  The present action was commenced on December 2, 2002.  Joseph Dooley's action against
Professor Stwalley, No. 3:03CV01435 (JCH), was filed on August 26, 2003.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filed the original Answer and Affirmative Defense on behalf of the defendants on December 30, 2002, shortly after the action was filed, and before a factual record was developed.  The Answer denied the substantive allegations of the Complaint and asserted in the one affirmative defense that "the Complaint fails to state a claim upon which relief may be granted."  The intent of the University was to move to file an Amended Answer and Affirmative Defenses after discovery was completed.  (Barrack Aff. at ¶ 5)

Subsequently, the University retained outside counsel from the law firm of Halloran & Sage LLP, including Attorneys James Sconzo, Kristi Mackin, and Robert Barrack, who were already representing the University in connection with the Gai matters.  At this time, as explained above, settlement efforts were underway with regard to the Gai matters.  As a result of the considerable settlement efforts directed to the Gai matters, the parties and counsel essentially took no action in the McDonald and Dooley actions.  Again, it was understood that these matters could not be settled unless and until the Gai matters were settled.  (Barrack Aff. at ¶ 6)

Settlement negotiations between Professor Gai and the University progressed and intensified through the fall of 2003 and the winter of 2004, which finally culminated into a global settlement between the University and its officials and Professor Gai in the spring of 2004.  Also during the spring of 2004, the parties began discussing the potential settlement of the McDonald and Dooley matters.  In accordance with this effort, on March 18, 2004, this Court issued an Order referring the case to Special

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Masters S. Robert Jelley and David N. Rosen.  On April 1, 2004, this Court issued an Amended Order of Referral to Special Masters, substituting William Bloss for Mr. Rosen as one of the Special Masters.  Pursuant to the Amended Order, the parties and counsel engaged in a settlement conference before the Special Masters on May 27, 2004.  Although the parties were unable to reach a settlement, the Special Masters recognized that the Dooley matter was so closely related to the present matter that any further conferences or negotiations should include both matters in an attempt to achieve a global settlement.  (Barrack Aff. at ¶ 7)

In the meantime, on March 4, 2004, the defendants in this matter served the plaintiff with Interrogatories and Requests for Production.  On April 23, 2004, the defendants noticed the plaintiff's deposition for May 13, 2004.  Because the plaintiff had requested and obtained an extension of time to respond to the defendants' discovery requests until June 2, 2004, the defendants were obliged on May 26, 2004 to re-notice McDonald's deposition for June 16, 2004.  The plaintiff served his responses to the defendants' discovery requests on the defendants on or about May 27, 2004.  However, Attorney Williams subsequently notified defendants' counsel that his client would be unable to attend the scheduled deposition on June 16, 2004, and therefore, after negotiations with plaintiffs' counsel, on August 5, 2004, the plaintiff's deposition was re-noticed for September 22, 2004.  Subsequently, plaintiff's counsel notified defendants' counsel that the plaintiff would be unable to attend the scheduled deposition on September 22, 2004, and on September 21, 2004, defendants' counsel re-noticed  the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff's deposition for October 5, 2004.  Plaintiff's counsel then notified defendants'

counsel that they would be unable to attend the plaintiff's scheduled deposition on

October 5, 2004, and on October 1, 2004, defendants' counsel re-noticed the plaintiff's

deposition for October 11, 2004.  Finally, on October 11, 2004, the plaintiff attended his

deposition at the law offices of Halloran & Sage LLP in Hartford, Connecticut.  (Barrack

Aff. at ¶ 8)

Plaintiff's counsel received the transcript of McDonald's deposition on November

1, 2004.  Defendants' counsel intended to seek leave to file an Amended Complaint in

order to supplement the affirmative defense originally filed by AAG McCarthy, but

believed that the most efficient time to do this was upon the completion of discovery,

because additional facts in support of such defenses might be learned.  Defendants'

counsel wished to avoid seeking leave to file and Amended Answer and Affirmative

Defenses more than once.  However, defendants' counsel did not anticipate the

continual delays and continuances of the plaintiff's deposition required by the plaintiff

and his counsel.  Thus, on November 5, 2004, immediately after receiving and

reviewing the deposition transcripts, defendants' counsel filed the defendants' Motion

for Leave to File Amended Answer and Affirmative Defenses.  The defendants seek

leave to add seven additional affirmative defenses, the most substantive of which raise

legal immunities claimed by the defendants.  The defendants wish to rely upon these

defenses in connection with a planned Motion for Summary Judgment to be filed by

December 15, 2004.  (Barrack Aff. at ¶ 9)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff has never attempted to conduct any discovery whatsoever in this matter.  (Barrack Aff. at ¶ 10)

II.    <u>ARGUMENT</u>

    A.    Although the Good Cause Standard Does Not Apply, the Defendants Have a Reasonable Explanation for Their Delay in Seeking the Proposed Amendment.

        According to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the parties pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The United States Supreme Court has explained the purpose and application of this rule as follows:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citations omitted).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In his opposition papers, the plaintiff contends that the defendants have failed to show "good cause" for their delay in seeking to amend their Answer to include the additional affirmative defenses.  It should be pointed out that the "good cause" standard does not apply here.  As this Court has noted:

> In Parker [v. Columbia Pictures Indus., Inc., 204 F.3d 326 (2d Cir. 2000)], the Second Circuit made it clear that Rule 16's good cause standard supersedes the more liberal standard of Rule 15(a) when a motion to amend is filed after the deadline set by a scheduling order for the amended pleadings.  See Parker, 204 F.3d at 340.  The scheduling order entered in this case does not include a deadline for amended pleadings.

Trilegiant Corp. v. BP Products North America, Inc., 2004 WL 813023, *2 n.2 (D. Conn. 2004) (copy attached hereto as Exh. B).  In the present case, the scheduling orders entered also did not include a deadline for amended pleadings.

Although, contrary to the plaintiff's contention that the defendants must demonstrate good cause for their delay in seeking their proposed amendment, they certainly have a reasonable explanation for this delay.  As set forth above, it was apparent that neither this matter nor the Dooley matter could be realistically resolved prior to the resolution of the overarching multiple matters between the University and Professor Gai.  That is why virtually no action was taken by either of the parties to this matter until a global settlement of the Gai matters was achieved in the spring of 2004.  Furthermore, when AAG McCarthy filed the original Answer and Affirmative Defense on December 30, 2002, this case was less than one month old and no factual record had yet been developed.  Therefore, it was contemplated that once discovery upon the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff had been taken, an Amended Answer and Affirmative Defenses would be filed. When the parties focused their attention on attempting to resolve this matter in the spring of 2004 and they entered into good faith settlement negotiations, which included a conference before Special Masters appointed by the Court, the defendants served discovery requests upon the plaintiff and sought to take the plaintiff's deposition at that time.  Had it not been for the substantial and repeated delays by the plaintiff and his counsel in making the plaintiff available for his deposition, discovery would have been completed many months ago and leave for the requested amendment would have been sought at that time.

The plaintiff should not be allowed to take advantage of his own dilatory tactics by claiming that the defendants have now waived significant affirmative defenses that may be dispositive of the present action.  It should be noted that the defendants filed the present motion within four days of receiving the transcript of the plaintiff's deposition.

Nevertheless, it is well established in this Circuit that "[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block v. First Blood Assoc., 988 F.2d 344 (2d Cir. 1993), quoting, State Teacher's Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).  As this Court held in Applied Data Processing, Inc. v. Burroughs Corp., 58 F.R.D. 149, 150 (D. Conn. 1973):

> [W]hile delay is certainly a factor to consider in permitting
> amendment, the mere fact that an amendment is offered late

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in the case is not enough to bar it if the other party is not
prejudiced . . . . The defendant cites no prejudice that would
result if the amendment is allowed, simply pointing out the
inevitable result that defendant would have to defend
additional charges.  The amendment is therefore allowed.

Id. at 150-51.


B.    The plaintiff Will Not be Unduly Prejudiced by Allowance of the Proposed
      Amendment.

      1.    Allowance of the Proposed Amendment Will Not Create the Need
            for Additional Discovery Nor Will the Disposition of this Matter be
            Delayed.

        In the Second Circuit, in determining what constitutes prejudice, the Court

must consider whether the assertion of a new claim or defense would: "(i) require the

opponent to expend *significant* additional resources to conduct discovery and prepare

for trial; (ii) *significantly* delay the resolution of the dispute; or (iii) prevent the plaintiff

from bringing a timely action in another jurisdiction."  Block, 988 F.2d at 350 (emphasis

added).  The term "significant" as used in the above test should be emphasized

because if the allowed amendment should cause a mere de minimis delay in the

resolution of the matter, that should not be sufficient to deny the requested amendment.

See Schaghticoke Tribe of Indians v. Kent School Corp., Inc., 423 F. Supp. 780, 783 (D.

Conn. 1976).  However, in the present case, the proposed additional affirmative

defenses would neither require any additional discovery by the plaintiff nor delay the

resolution of this matter in any way.  In fact, as will be explained below, the requested

affirmative defenses may indeed allow this matter to be adjudicated much more quickly,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

as they will provide grounds for a planned motion for summary judgment to be filed by the defendants.

Significantly, the plaintiff does not argue that the allowance of the proposed amendment would require him to seek additional discovery or that they would cause any delay in the resolution of this matter whatsoever.  Rather, the plaintiff contends that allowance of the additional defenses would "change the nature of this litigation and will do so after the plaintiff has committed energy and resources to the litigation on the understanding that it will be tried on the theories advanced in the pleadings."  (Plaintiff's Objection at p. 2)  Even if this contention had any merit, which it does not, this would not be enough to support a finding of undue prejudice.

The Second Circuit has made quite clear that "the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284 (2d Cir. 1999); Block, 988 F.2d at 351 (same).

The Second Circuit has also held that "[a] proposed amendment . . . [is] especially prejudicial . . . [when] discovery has already been completed and [non-movant] has already filed a motion for summary judgment."  Krumme v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1988) (internal quotation marks and citations

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

omitted).[3]  Neither of these factors apply here.  Although the deadline for discovery in

this matter is November 15, 2004, ten days from the date the defendants filed the

present motion, the plaintiffs have not claimed that any additional discovery would be

required.  The reason for this is obvious – the plaintiff has conducted no discovery

whatsoever.  The law is clear that when the non-movant has conducted little or no

discovery, he will not be heard to argue that a proposed amendment should be denied

because he will need to conduct additional discovery.  Worthington v. City of New

Haven, 1998 WL 351578, *2 n.1 (D. Conn. 1998) (copy attached hereto as Exh. C);

Hogan v. DC Comics, 1997 WL 570871, *3 (N.D.N.Y. 1997) (copy attached hereto as

Exh. D).

        As the plaintiff saw no need to obtain discovery from the defendants even

for the purpose of determining the factual bases of their denial of the material

allegations of the Complaint, the plaintiff could certainly not be heard now to claim that it

---

3/  In Krumme, the Second Circuit affirmed the district court's denial of the defendant's motion
for leave to amend its answer in order to assert counterclaims, because "it is readily
apparent that the proposed amendments would require a new wave of discovery and would
substantially delay the resolution of this action." Krumme, 143 F.3d at 87.  Similarly, in
Trilegiant, this Court denied the defendant's motion for permission to amend answer to add
counterclaims, in large part because "[d]iscovery is now complete, but both sides agree that
additional discovery would be necessary if the Court permitted the amendment." Trilegiant,
2004 WL 813023, at *2.  The circumstances here are distinguishable from those in Krumm
and Trilegiant.  Here, the defendants are not seeking to add counterclaims, not even the
plaintiff is contending that a new wave of discovery would be necessary or that allowance of
the amendment would delay this case in any manner.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

now needs discovery purely to determine the legal bases of the proposed additional affirmative defenses.[4]  Not surprisingly, the defendants have made no such contention.

    2.    The Proposed Additional Affirmative Defenses Do Not Unfairly Surprise the Plaintiff.

The plaintiff cannot argue that he is shocked or surprised by the nature of the proposed additional affirmative defenses.  The plaintiff and his experienced counsel are well aware that the defendants are state officials who are entitled to claim protections of sovereign and qualified immunity, and that many of the plaintiff's claims arise from decisions made or conduct by the defendants in connection with formal disciplinary proceedings brought by the University against Professor Gai, thus invoking quasi-judicial immunity.  According to the Second Circuit:

> We will be most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim.  Thus, in Block, we permitted defendants to assert an affirmative defense in their motion for summary judgment four years after the complaint was filed because plaintiffs had knowledge of the facts giving rise to the defense.  Id. at 350-51; see also Han v. Mobil Oil Corp., 73 F.3d 872, 877-78 (9th Cir. 1995) (fact that plaintiff had the information giving rise to the defense weighs against argument that plaintiff was prejudiced by the delay).

Monahan, 214 F.3d at 284.

---

4/  It should be noted that only the Second, Third, Sixth, And Eighth Affirmative Defenses would be required to be pled affirmatively.  Those defenses only assert legal immunities available to the defendants and failure of the plaintiff to exhaust administrative remedies.  These affirmative defenses are essentially legal in nature, and there would be no realistic need to seek to determine through discovery the factual bases for these defenses.  They are self-evident, particularly to an experienced constitutional lawyer such as Attorney Williams.  Again, the plaintiff has not even suggested that such discovery would be necessary.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Moreover, as the defendants set forth in their Motion for Leave to Amend, in the closely related Dooley matter, which involves almost identical claims as the present matter and where the parties are represented by the same counsel, defendant Stwalley filed virtually identical affirmative defenses approximately one year ago. Rather than deny that the assertion of these defenses in Dooley put plaintiff's counsel on notice that these defenses would be available here, the plaintiff instead merely argues that the fact that these defenses were previously filed in Dooley demonstrates that the defendants here could have earlier sought leave to assert the proposed additional defenses.

This argument was put forward by the plaintiff in support of his position that the proposed amendment should be denied because the defendants have failed to demonstrate "good cause" for their delay in seeking the amendment. This issue has already been disposed of above. No substantial or unfair surprise by the plaintiff can be argued here.

3.  The Proposed Use of the Additional Affirmative Defenses by the Defendants in a Motion for Summary Judgment is Consistent With the Federal Rules, and Unpled Affirmative Defenses Are Routinely Allowed to be Raised for the First Time in Summary Judgment Motions.

As explained above, the defendants seek to assert the additional affirmative defenses so that they may rely upon them in their planned Motion for Summary Judgment, which will be filed by December 15, 2004. This purpose is completely consistent with the "liberalizing spirit of the federal rules," which must be

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

construed so as "to secure the just, speedy and inexpensive determination of an action."
United States v. Continental Ill. Nat.'l Bank & Trust Co., 889 F.2d 1248, 1254 (2d Cir.
1989), citing Foman, 371 U.S. at 182, and Fed. R. Civ. P. 1 (internal quotation marks
omitted); see also ARC/Connecticut v. O'Meara, 2002 WL 31106383, *3 (D. Conn.
2002) (copy attached hereto as Exh. E) (allowing amendment to complaint even though
amendments to scheduling order required); Donahue v. Unisys Corp., 1991 WL 537530,
*9 (D. Conn. 1991) (copy attached hereto as Exh. F) (amendment to complaint allowed
despite inconvenience to defendant, where additional discovery authorized).  Thus,
"'mere technicalities' should not prevent cases from being decided on the merits . . . ."
Monahan, 214 F.3d at 283, citing, Foman, 371 U.S. at 182.

        The plaintiff does not argue that the proposed additional affirmative
defenses should not be allowed because they are futile.  Accordingly, the plaintiff will
have ample opportunity to contest the legal bases and viability of these affirmative
defenses in his opposition to the defendants' forthcoming Motion for Summary
Judgment.  In fact, the Second Circuit routinely allows parties to maintain motions for
summary judgment in reliance upon defenses that ordinarily must be pled affirmatively,
but were not.  Rather, the Court allows the district courts to construe such summary
judgment motions as motions to amend pursuant to Rule 15(a).  See, e.g., Anthony v.
City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003) (affirming district court's
treatment of unpled qualified immunity defense in summary judgment motion as motion
for leave to amend defendant's answer pursuant to Federal Rules of Civil Procedure

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

15(a)); <u>Monahan</u>, 214 F.3d at 283 (affirming district court's treatment of unpled res

judicata defense in summary judgment motion as motion to amend defendant's

answer); <u>Block</u>, 988 F.2d at 350 (affirming district court's treatment of unpled statute of

limitations defense in summary judgment motion as motion to amend defendant's

answer). Here, rather than waiting to raise the proposed defenses for the first time in

their Motion for Summary Judgment, which, as shown above, is a generally acceptable

practice absent a showing of undue prejudice by the non-movant, defendants here are

seeking their amendment to add these affirmative defenses in advance of their Motion

for Summary Judgment. The plaintiff has failed to show any undue prejudice, or for that

matter any prejudice whatsoever.

       4.     Denial of the Proposed Amendment Would be Unduly Prejudicial to the Defendants.

Finally, the Court should consider the prejudice that would be suffered by

the defendants should the Court deny the present motion. <u>See</u> <u>Trilegiant Corp.</u>, 2004

WL 813023, at *3. The defendants are esteemed academics and University

administrators who also happen to be public officials. It would be extremely unfair and

unduly harsh to deprive them of defenses and immunities to which they are entitled

under the law based upon a mere technicality, when there has been no prejudice shown

by the plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III.    <u>CONCLUSION</u>

For all of the foregoing reasons, the defendants respectfully request that this

Court grant their Motion for Leave to file Amended Answer and Affirmative Defenses.

<div style="margin-left:40%">

THE DEFENDANTS
PHILIP E. AUSTIN
ROSS D. MACKINNON
WILLIAM C. STWALLEY


By _____
    James M. Sconzo
    Fed. Bar No. ct04571
    Robert M. Barrack
    Fed. Bar No. ct08422
    HALLORAN & SAGE LLP
    Their Attorneys

</div>

<u>CERTIFICATION</u>

This is to certify that on this 12th day of November 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

| | |
|---|---|
| John R. Williams, Esq. | Paul S. McCarthy |
| Norman A. Pattis, Esq. | Assistant Attorney General |
| Williams and Pattis, LLC | Office of the Attorney General at UCONN |
| 51 Elm Street, Suite 409 | 605 Gilbert Road, U-177 |
| New Haven, CT  06510 | Storrs, CT  06269 |

<div style="margin-left:50%">

_____
Robert M. Barrack

</div>

615706_1.DOC

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105